# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-64620-wlh |
| WESLEY KENNEDY, JR, ) | |
| ) | |
|     Debtor. ) | |
| _____) | |
| ) | |
| WESLEY KENNEDY, JR, ) | |
| ) | |
|     Plaintiff, ) | Adversary Proceeding No. 20-6167 |
| ) | |
| vs. ) | |
| ) | |
| NAJARIAN CAPITAL LLC and ) | |
| ASHPEN LLC, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |
| NAJARIAN CAPITAL LLC ) | |
| ) | |
|     Crossclaim Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ASPEN LLC, ) | |
| ) | |
|     Crossclaim Defendant. ) | |
| _____) | |

**NAJARIAN CAPITAL LLC'S BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO ABSTAIN, AND MOTION TO
TAKE JUDICIAL NOTICE OF STATE COURT ONLINE DOCKETS**

COMES NOW Najarian Capital LLC (hereinafter "Najarian") and files this its Brief in

Support of its Motion To Dismiss and, in the Alternative, Motion to Abstain, and Motion To

1

Take Judicial Notice of State Court Online Dockets, pursuant to FRCP 56, BLR 7056.1.and FRE 201.

Najarian seeks dismissal of this adversary proceeding on the ground that this Court lacks subject matter jurisdiction because there was no pending bankruptcy case at the time this adversary proceeding was filed, and Plaintiff (or "Kennedy") failed to seek to reopen the previously pending bankruptcy proceeding.  Alternatively, this Court should dismiss this adversary proceeding in light of the factors set forth in *Morris Fidelity & Deposit Co. of Maryland (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992).  Alternatively, this Court should abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(2) or, in the alternative, (c)(1).

In addition, Najarian seeks a ruling of this Court, pursuant to Federal Rule of Evidence 201, taking judicial notice of two online dockets of the Superior Court of DeKalb County, Georgia.

Summary of Plaintiff's Allegations

A. Plaintiff alleges in his Complaint:

1) He became an the owner of the home bearing the address 4563 Carissa Court, Ellenwood, Georgia 30294 (the "Property") in 2015.

2) Plaintiff executed a power of attorney that authorized Ms. Brenda Ragland (also known as Elaine Chavo) to convey his interest in the Property.

3) Ms. Ragland then participated in conveyances that conveyed Plaintiff's interest in the Property.

4) Plaintiff alleges that his signature was forged on one of the deeds in this series of conveyances.

2

5) Eventually, following several conveyances over several years that Plaintiff alleges were wrongful for one or more reasons, the record title-holder of the Property as of early November, 2016, Consumer-Oriented Planning Services, Inc., executed a Deed To Secure Debt to Aspen, LLC ("Aspen").

6) Contemporaneously with the execution of the Deed To Secure Debt, Kennedy executed a Corrective Quitclaim Deed.

B. These allegations that form the basis of Mr. Kennedy's complaint in this Adversary Proceeding, are also the basis of two prior lawsuits filed by Mr. Kennedy in the Superior Court of DeKalb County, Georgia.

C. The first case, Case No. 18CV1767 ("The First Superior Court Case"), was brought against Ms. Ragland, Aspen and other persons and entities in the chain of title between Kennedy and Aspen. That lawsuit was voluntarily dismissed by Kennedy on February 12, 2019, following entry of an order compelling Mr. Kennedy to provide certain discovery responses to Aspen.[1]

D. The second case, Case No. 19CV3864 ("The Second Superior Court Case") was brought against the same defendants on March 29, 2019, about six weeks after Kennedy voluntarily dismissed The First Superior Court Case.[2] The Complaint filed in The Second Superior Court Case (Exhibit C to the Notice of Filing) recites virtually identical allegations of

---

[1] A true and correct printout of the online docket for The First Superior Court Case is attached as Exhibit A to the Notice of Filing of Public Documents ("Notice of Filing") filed contemporaneously with these motions filed by Najarian. The admissibility of the online dockets for each of the cases filed by Kennedy in the Superior Court of DeKalb County is the subject of Najarian's Motion To Take Judicial Notice of State Court Online Dockets, which is addressed at pages 14 and 15 of this Brief, *infra*.

[2] A true and correct printout of the online docket for The Second Superior Court Case is attached as Exhibit B to the Notice of Filing.

3

misdeeds by Ms. Ragland that were made in the First Superior Court Case and have been made (for a third time) in this adversary proceeding.

E. Aspen filed a Motion to Dismiss The Second Superior Court Case on May 2, 2019 (<u>Exhibit D</u> to the Notice of Filing). That Motion To Dismiss was granted by order entered August 19, 2019 (<u>Exhibit E</u> to the Notice of Filing). The Order Granting Motion To Dismiss includes the following decree: "Any and all claims asserted by the Plaintiff against Aspen are hereby dismissed with prejudice and this Court finds that Aspen, LLC holds a first priority Deed to Secure Debt as reflected in the Aspen, LLC Security Deed. Any and all other relief sought by Plaintiff against Aspen, LLC is hereby dismissed with prejudice."

F. The Order Granting Motion To Dismiss is not final.[3] However, there has been no activity in The Second Superior Court Case since October 18, 2019, about a month after Kennedy filed his petition for relief in Case 19-64620-wlh.

G. On September 13, 2019, Kennedy filed his petition for relief under Chapter 13, Case No. 19-64620-wlh. Notwithstanding the fact that Kennedy's claims alleging fraud, misrepresentation, conversion, forgery, and undue influence had just been dismissed with prejudice, Kennedy nevertheless claimed in his Schedule A/B [Dkt 8, page 13 of 47] that he owned the Property.

H. Aspen foreclosed on the Property on October 1, 2019, more than four years after Plaintiff had conveyed his entire interest in the Property, more than three years after Plaintiff executed the

---

[3] The Order Granting Motion To Dismiss was not rendered final by its terms according to § 9-11-54(b). Because parties other than Aspen remain in The Second Superior Court Case, the Order Granting Motion To Dismiss is interlocutory.

4

Corrective Quitclaim Deed, and nearly six weeks after entry of the Order Granting Motion To Dismiss in The Second Superior Court Case.

**ARGUMENT**

Kennedy names as defendants in both of the Superior Court cases Ms. Ragland (a/k/a Elain Chavo), Aspen, and others in the chain of title for the Property following the conveyance to Mr. Kennedy in 2015. In his Complaint in The Second Superior Court Case, Kennedy alleges misdeeds by Ms. Ragland; attempts to state claims for fraud, misrepresentation, conversion, forgery, and undue influence; and seeks to set aside all of the conveyances made after Kennedy became the owner of the Property in 2015, notwithstanding his execution of the Corrective Quitclaim Deed. He has made the same foundational allegations in his Complaint in this adversary proceeding, but has named as defendants only Aspen and Najarian.

**This Court Lacks Subject Matter Jurisdiction Because No Bankruptcy Case Was Pending When this Adversary Proceeding Was Filed, and Kennedy Failed To Move To Reopen His Previously-Pending Bankruptcy Proceeding.**

Rule 7008, Fed.R.Bankr.P., provides, in relevant part, "The allegation of *jurisdiction* required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code *is pending*." (Emphases supplied.) Kennedy's Complaint fails to refer—in either the jurisdictional allegations or elsewhere—to any "pending" case. And no "case under the Code" is now pending or was pending at the time of the filing of this adversary proceeding to which this adversary proceeding relates. Indeed, the bankruptcy case referred to by Kennedy in the civil cover sheet he filed (and the caption of this adversary proceeding) is

5

Case No. 19-64620-wlh. That case was dismissed on April 16, 2020 based on objections filed by the trustee, including Kennedy's failure to fund payments under his plan. The case has not been reopened. Indeed, Kennedy has not even sought to reopen the case.[4]

The language of Rule 7008 implies that jurisdiction of the bankruptcy court to preside over an adversary proceeding (or the district court in the absence of an order or referral) requires a pending case seeking relief under the Bankruptcy Code. The undersigned was unable to find authority directly on point for that proposition. However, quite apart from whether strict compliance with that requirement of Rule 7008 is jurisdictional, it is clear that Kennedy has no interest in actually pursuing relief in bankruptcy in good faith. After the dismissal of Case No. 19-64620-wlh on April 16, 2020, Kennedy promptly filed, on May 4, 2020, another petition seeking relief under Chapter 13, Case No. 20-66088-wlh. Again, following the trustee's filing of objections to confirmation and a motion to dismiss on June 22, 2020 [Dkt 11], this Court dismissed Kennedy's second petition for relief under Chapter 13 on August 12, 2020 [Dkt 21], just four months after the previously-filed bankruptcy was dismissed.

Given the clear requirement of Rule 7008 that an adversary proceeding must state as a *jurisdictional* allegation that a bankruptcy case is pending, this Court lacks jurisdiction over this proceeding.

**Alternatively, this Court Is Required To Abstain from Exercising Jurisdiction Pursuant to 28 U.S.C. § 1334(c)(2).**

28 U.S.C. § 1334(c)(2) provides:

---

[4] Pursuant to 11 U.S.C. § 350(b), the Court may reopen Kennedy's bankruptcy case under appropriate circumstances. However, Kennedy has neither sought such relief nor articulated any reason that the Court should afford him such relief.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> The statute creates a six-part inquiry:
>
> The Court must abstain from hearing a state law claim if all of the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b) ; (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court. 28 U.S.C. § 1334(c)(2).

*First Bank of Dalton v. Manton Family P'ship, LLLP (In re Manton)*, 585 B.R. 630 (Bankr. N.D. Ga. 2018).

In the case at bar, each of these six requirements is met.

(1) This motion has been filed prior to any discovery in the case and (evidently) prior to effective service on both Defendants.

(2) As discussed above, the claims are all premised on state law.

(3) The claims are non-core. Indeed the only conceivable argument that this adversary proceeding is a core proceeding rests on the presumption that if Kennedy were to prevail on his claim that Aspen's Deed To Secure Debt is void because of the alleged forgery and fraud of Ms. Ragland, then this adversary proceeding would arguably result in the determination of the validity of Aspen's lien, and would therefore be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H). The fallacy of the argument is that the Property simply was not property of the

estate at the time that the petition in bankruptcy was filed. The chain of title showed that Aspen held a valid security interest and that Kennedy was not an owner of the Property; therefore, the Property was not property of the debtor's estate.[5]

Moreover, even assuming that certain proceedings may be core although not enumerated by 28 U.S.C. § 157(b)(2), this adversary proceeding does not meet the test. The two-step test articulated in *Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.)*, 212 Fed.Appx. 811, 816 (11th Cir. 2006) (unpublished) (citing *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987))), asks first whether a proceeding addresses a substantive right created by Title 11, and second, if not, whether the proceeding could only arise in a bankruptcy case. *First Bank of Dalton* at 640-641. The clear answer to both inquiries in this case is "no." In addition, "'a core proceeding must always implicate the property of the bankruptcy estate.' *Happy Hocker* , 212 Fed.Appx. at 816 (citing *Gallucci v. Grant (In re Gallucci),* 931 F.2d 738, 742 (11th Cir. 1991)." *Id*. at 641. This is not a core proceeding for the simple reason that there is no bankruptcy case and no bankruptcy estate, so it is not possible to implicate the property of the bankruptcy estate.

(4) 28 U.S.C. § 1334(b) is the only basis for jurisdiction.

(5) An action has been commenced in state court (twice). Although Najarian is not a party to The Second Superior Court Case, there would be no impediment to Kennedy's naming Najarian a defendant in that case if he chose to do so, and doing so would obviate the need to bring several additional parties into this adversary proceeding.

---

[5] Where title to real property has vested in one other than the debtor prior to the filing of the petition for relief, that property in not property of the debtor's estate, even if the debtor resides on such property. *Hernandez v. Fed. Nat'l Mortgage Ass'n (In re Hernandez)*, Case No. 15-14451 (11th Cir., July 12, 2017)

(6) The state court action could be timely adjudicated, as it is already further advanced toward trial than this adversary proceeding. Moreover, since there is no main bankruptcy case or bankruptcy estate for this Court to administer, timeliness is not an important factor.

Because this case meets all of the requirements of 28 U.S.C. § 1332(c)(2), this Court is bound to abstain from exercising jurisdiction.

### **Alternatively, this Court Lacks Jurisdiction under *Morris*.**

In *In re Morris*, 950 F.2d 1531 (11th Cir. 1992), the Eleventh Circuit Court of Appeals held that "dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case *at the time of its commencement*." (Emphasis added.) The undersigned was unable to find a controlling case in the Eleventh Circuit addressing whether retention of jurisdiction is discretionary where the adversary proceeding is commenced *after* the main bankruptcy case has been dismissed and, if so, whether the factors identified in *Morris* inform the decision. For the reasons discussed in the previous section, it may be that *Morris* should be restricted to those cases in which the adversary proceeding is filed prior to the dismissal or other conclusion of the main bankruptcy case. However, if this Court deems the *Morris* factors applicable where the adversary proceeding is filed when no pending bankruptcy case exists, then an examination of the *Morris* factors is warranted.

*Morris* articulates a three-part test to determine "whether jurisdiction should be retained: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id*. at 1534.

*Judicial Economy*

Unlike the dispute in Morris, this Court has (quite properly) devoted little of its time to resolution of the many issues presented by Kennedy's adversary proceeding complaint. Moreover, following resolution of the dispute, there would be no role for this Court in adjusting the relief accorded to the debtor and creditors in the main bankruptcy case because that case has already been dismissed, and no one seeks to reopen it.[6]  In addition, Plaintiff did not state in his Complaint in this adversary proceeding whether he consents to entry of final orders or judgment by the bankruptcy court, as he must.[7]  In addition, since any resolution of Kennedy's claims against Aspen and Najarian is likely to affect the rights of others in the chain of title of the Property, those parties—who are already named in The Second Superior Court Case—may need to be joined as necessary parties in this adversary proceeding if it is to proceed to trial.

Judicial economy is best served by allowing the court that has already has jurisdiction of Kennedy's claims (and has already addressed those claims, to some extent) to resolve them with finality.  No useful purpose would be served by forcing the parties and the courts to engage in duplicative, parallel litigation in both courts.

*Fairness and Convenience to the Litigants*

This is the third lawsuit brought by Kennedy concerning his claims.  He failed to pursue The First Superior Court Case to a resolution on the merits, and The Second Superior Court Case

---

[6] See, e.g., *Hargon v. Ocwen Loan Servicing, LLC (In re Hargon)*, 581 B.R. 911 (Bankr. N.D. Ga. 2018) (Adversary proceeding dismissed *sua sponte* where it was filed after the main bankruptcy case was dismissed as a consequence of the debtor's filing deficiencies, and because even if the claims succeeded, they could have no bearing on the administration of the estate, because there was no bankruptcy estate to administer); *Matter of Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995) (concluding that bankruptcy court did not have jurisdiction to consider enforcement of settlement agreement, and therefore declining to reopen a closed bankruptcy case pursuant to 11 U.S.C. § 350(b)).

[7] Najarian made the same error.  Accordingly, Najarian will file a motion to allow it to amend its answer and cross-claim to cure that oversight.

remains pending. If Kennedy had exercised any diligence whatsoever, Najarian and the defendants in The Second Superior Court Case would not now be facing litigation in at least two different courts at the same time.[8]

In considering fairness to litigants, this Court should note that Kennedy's filing of the Complaint in this adversary proceeding was rank forum shopping, since he already had filed the pending lawsuit in DeKalb Superior Court. Indeed, rather than abide by (or seek reversal of) the rulings of that Court, he ignored the requirements of Fed.R.Bankr.P. 7008 and filed this nearly-identical complaint in this Court in order to avoid the consequences of the adverse (albeit interlocutory) order entered in The Second Superior Court Case.

This Court should further note that Kennedy could have funded his Chapter 13 plan (for either of his bankruptcy cases dismissed in 2020), but chose not to do so. He effectively abandoned any reasonable expectation that this Court should litigate the claims that he has already stated twice in another court.

### The Degree of Difficulty of the Related Legal Issues Involved

It does not appear that the legal issues presented by the Complaint are particularly complex. Indeed, if Kennedy is unable to persuade Judge Seeliger of the Superior Court of DeKalb County to set aside the Order Granting Motion To Dismiss, then the legal issues presented in that case may be quite easily resolved.[9] At any rate, all of the issues presented are matters of state, not federal law.

---

[8] Although Najarian is not currently a party to The Second Superior Court Case, since the resolution of Kennedy's claims in that forum could affect Najarian's rights, it may well be that Najarian is a necessary party to that proceeding, just as all of the current defendants in The Second Superior Court Case may be necessary parties to this adversary proceeding if it is not dismissed.

[9] Because the Order Granting Motion To Dismiss is not final, it currently has no claim or issue preclusive effect in this proceeding.

11

**Alternatively, this Court Should Exercise Its Discretion To Abstain.**

If this Court determines that none of the foregoing arguments carries the day, then the Court should nevertheless exercise its discretion to abstain.[10]

This Court generally refers to fourteen (14) factors to determine whether to abstain pursuant to 28 U.S.C. § 1334(c)(1). *Steed v. Educational Credit Management Corp. (In re Steed)*, 614 B.R. 395 (Bankr. N.D. Ga 2020) (citing *In re Flyboy Aviation Props., LLC*, Adv. No. 13-05111, 2013 WL 2317628 (Bankr. N.D. Ga. May 21, 2013). The *Flyboy* factors and their application to this case are set forth below.

1) *The effect of abstention on the efficient administration of the bankruptcy estate*

Since there is no bankruptcy estate, abstention will not affect its administration.

2) *The extent to which state law issues predominate over bankruptcy issues*

Other than the possibility that Kennedy may seek sanctions under 11 U.S.C. § 362(k) if he prevails on his state-law claims, the claims and counterclaims are entirely matters of state law.

3) *The difficulty or unsettled nature of the applicable law*

The law at issue does not appear particularly difficult or unsettled.

4) *The presence of a related proceeding commenced in state court or other nonbankruptcy court*

---

[10] Section 1334(c)(1) of Title 28 provides, "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

12

As noted, Kennedy had previously brought two lawsuits in state court alleging the same facts, and one of those cases was pending at the time that Kennedy filed this adversary proceeding (and continues to be pending to this day).

5) *The basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334*

There is no other basis for bankruptcy jurisdiction.

6) *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*

There is no relationship between this adversary proceeding and the non-existent main bankruptcy case.

7) *The substance rather than form of an asserted "core" proceeding*

Other than the possibility of sanctions pursuant to 11 U.S.C. § 362(k), there is no aspect of bankruptcy jurisdiction or jurisprudence implicated by this adversary proceeding.

8) *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court*

No severance is necessary, as there are no core bankruptcy matters to resolved. Moreover, any enforcement of sanctions for violation of the automatic stay (if a basis for sanctions exists following a final judgment rendered in the Superior Court of DeKalb County) can be addressed by the bankruptcy court after final resolution of The Second Superior Court Case.

9) *The burden on the bankruptcy court's docket*

Presumably this Court's docket is sufficiently weighty that the Court is not inclined to wrest away from the Superior Court of DeKalb County a case that has been pending there since before Kennedy filed his first recent bankruptcy petition in September, 2019.

10) *<u>The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties</u>*

It is a virtual certainty that Kennedy's filing of this improper adversary proceeding was pure, unadulterated forum shopping.

11) *<u>The existence of a right to a jury trial</u>*

The parties are entitled to a jury trial of the claims and cross-claims brought in the adversary proceeding.

12) *<u>The presence in the proceeding of non-debtor parties</u>*

Because the main bankruptcy case has been dismissed, this adversary proceedings has *only* non-debtor parties.

13) *<u>Comity</u>*

Comity militates strongly in favor of permitting a case first filed and still pending in state court to conclude, especially in light of the fact that no bankruptcy purpose would be served by trying Kennedy's claims in this Court.

14) *<u>The possibility of prejudice to the other parties in the action</u>*

The parties would be prejudiced by having to relitigate the issues already litigated to the point of an interlocutory order of dismissal in The Second Superior Court Case. It presumably is not the duty of this Court to extend its jurisdiction to give any party a second (or, in this case, a third) bite at the apple, especially when Kennedy has chosen all of the for a for these claims that he pursues repeatedly.

<u>This Court Should Take Judicial Notice of the Superior Court Case Online Dockets.</u>

For purposes of these substantive motions, Najarian moves this court to take judicial notice of two state court online dockets, pursuant to Rule 201, Fed.R.Evid.  Taking notice of online dockets of other courts has been endorsed recently by the Eleventh Circuit.

> We have no reason to think these docket entries do not accurately reflect the dates [relevant in the prior state court proceedings] . The District Court could properly notice the state court [online] docket sheets in these circumstances...."

*Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649 (11th Cir. 2020).

For the forgoing reasons, Najarian Capital LLC moves this Court to dismiss this adversary proceeding, or to abstain from exercising its jurisdiction.

Respectfully submitted,

 /s/ Kane St. John_____
Kane St. John
State Bar No. 673371
St. John Law Firm, LLC
2164 Pawnee Dr.
Marietta, GA 30067
678.453.6219
kanestjohn@gmail.com
Counsel for Najarian Capital LLC

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served upon Plaintiff's Attorney, Donnell Holiday, by email and by ecf addressed to dholidaylaw@yahoo.com; on this 9th day of February, 2021.

 /s/ Kane St. John\_\_\_
Kane St. John