**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-64620 |
| WESLEY KENNEDY, JR, ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| WESLEY KENNEDY, JR, ) | |
| ) | Adversary Proceeding No. 20-6167 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NAJARIAN CAPITAL LLC and ) | |
| ASHPEN LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| NAJARIAN CAPITAL LLC ) | |
| ) | |
| Crossclaim Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ASPEN LLC, ) | |
| ) | |
| Crossclaim Defendant. ) | |
| _____) | |

<u>**NAJARIAN CAPITAL LLC'S NOTICE OF PUBLIC FILINGS**</u>

COMES NOW Najarian Capital LLC (hereinafter "Najarian") and files this its Notice of

Public Filings in support of its Motion To Dismiss, or, in the Alternative, To Abstain, and

Motion To Take Judicial Notice of State Court Online Dockets.

Attached hereto is:

1

Exhibit A: A true and correct printout of the online docket of Case No. 18CV1767,

formerly pending in the Superior Court of DeKalb County, Georgia.

Exhibit B: A true and correct printout of the online docket of Case No. 19CV3864,

currently pending in the Superior Court of DeKalb County, Georgia.

Exhibit C: A certified copy of the Complaint filed in Case No. 19CV3864, dated March

29, 2019.

Exhibit D: A certified copy of the Motion To Dismiss filed in Case No. 19CV3864 by

Aspen, LLC, dated May 2, 2019.

Exhibit E: A certified copy of the Order Granting Motion To Dismiss filed in Case No.

19CV3864, dated August 19, 2019.

Respectfully submitted,

_/s/ Kane St. John_____
Kane St. John
State Bar No. 673371
St. John Law Firm, LLC
2164 Pawnee Dr.
Marietta, GA 30067
678.453.6219
kanestjohn@gmail.com
Counsel for Najarian Capital LLC

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served upon Plaintiff's

Attorney, Donnell Holiday, by email and by ecf addressed to dholidaylaw@yahoo.com this 9th

day of February, 2021.

_/s/ Kane St. John___
Kane St. John

2

# Exhibit A

## Case Information

18CV1767 | WESLEY KENNEDY VS ELAINE CHAVO Et Al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 18CV1767 | Division 3 | Seeliger, Clarence F. |
| File Date | Case Type | Case Status |
| 01/31/2018 | Fraud | Dismissed - Without Prejudice |

## Party

Plaintiff
KENNEDY, WESLEY

Active Attorneys ▼
Lead Attorney
Thomas, Mark
Retained

Defendant
CHAVO, ELAINE

Address
5521 PANOLA PLACE
LITHONIA GA 30058

Defendant
SUGARMAMA BREAKFAST 2GOGOGO, LLC

Address
5521 PANOLA PLACE
LITHONIA GA 30058

Defendant
KITHCHENS, QUASHAUNDA

Address

5521 PANOLA PLACE
LITHONIA GA 30058

**Defendant**
CONSUMER-ORIENTED PLANNING SERVICES, INC

**Address**
4794 BEXLEY DR
STONE MOUNTAIN GA 30083

Active Attorneys ▾
**Lead Attorney**
MATHIS, TONY E
Retained

**Defendant**
ASPEN LLC

**Address**
100 Galleria Parkway, Suite 1170
ATLANTA GA 30339

Active Attorneys ▾
**Lead Attorney**
SCHNEIDER, JEFFREY H
Retained

**Attorney**
SCHNEIDER, JEFFREY H
Retained

**Attorney**
TRUMBLE, TANIA R
Retained

**Attorney**
Cook, Sarah L
Retained

## Disposition Events

02/12/2019 Judgment ▾

**Judicial Officer**
Seeliger, Clarence F.

Judgment Type
Dismissed - Without Prejudice

## Events and Hearings

01/31/2018 Case Initiation Form ▼

Comment
CASE FILING INFORMATION FORM

01/31/2018 Complaint or Petition for Real Property ▼

Comment
COMPLAINT

01/31/2018 Summons ▼

Comment
SUMMONS TO ELAINE CHAVO

01/31/2018 Summons ▼

Comment
SUMMONS TO SUGARMAMA BREAKFAST 2GOGOGO LLC

01/31/2018 Summons ▼

Comment
SUMMONS TO QUASHAUNDA KITCHENS

01/31/2018 Summons ▼

Comment
SUMMONS TO CONSUMER-ORIENTED PLANNING SERVICES

01/31/2018 Summons ▼

Comment
SUMMONS TO ASPEN LLC

02/06/2018 Lis Pendens Issued ▾

Comment
NOTICE OF LIS PENDENS

03/23/2018 Service - Personal Service

04/18/2018 Rule Nisi Issued ▾

Comment
RULE NISI

04/27/2018 Acknowledgement of Service ▾

Comment
Acknowledgment of Service

05/07/2018 Answer ▾

Comment
answer of defendant

05/16/2018 Answer ▾

Comment
Aspen LLC's Defenses, Answer and Counterclaims

05/22/2018 Amended Answer ▾

Comment
Amended Answer, Defenses and Counter-Claim of Aspen, LLC

05/23/2018 Motions ▾

Judicial Officer
Seeliger, Clarence F.

Hearing Time
9:30 AM

05/23/2018 Entry of Appearance ▾

Comment
Entry of Appearance of Counsel- Jeffrey H. Schneider

06/11/2018 Certificate of Service ▾

Comment
COSD

07/23/2018 Leave of Absence ▾

Comment
Leave of Absence

08/08/2018 Motion for Sanctions ▾

Comment
Defendant Aspen, LLC's Motion for Sanctions

10/29/2018 Order Denying Motion ▾

Comment
ORDER COMPELLING PLAINTIFF TO RESPOND TO DISCOVERY - DENY SANCTION

11/26/2018 Motion for Contempt ▾

Comment
Defendant Aspen, LLC's Motion for Contempt and Sanctions

01/04/2019 Leave of Absence ▾

Comment
Notice of Leave of Absence

01/17/2019 Rule Nisi Issued ▾

Comment
rule nisi

02/12/2019 Notice of Dismissal (Case) ▾

Comment
NOTICE OF VOLUNTARY DISMISSAL

02/12/2019 Case Disposition Form ▾

Comment
CASE DISPOSITION FORM

02/13/2019 Motions ▾

Judicial Officer
Seeliger, Clarence F.

Hearing Time
1:30 PM

Comment
motion for contempt and sanctions

02/13/2019 Certificate of Service ▾

Comment
AMENDED CERTIFICATE OF SERVICE

# Financial

KENNEDY, WESLEY

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $492.00 |
| | Total Payments and Credits | | | $492.00 |
| 1/31/2018 | Transaction Assessment | | | $246.00 |
| 1/31/2018 | eFile Payment | Receipt # 2018-03224 | KENNEDY, WESLEY | ($246.00) |
| 5/15/2018 | Transaction Assessment | | | $246.00 |
| 5/15/2018 | Payment | Receipt # 2018-17274 | MATHIS, TONY E | ($246.00) |

ASPEN LLC

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $2.00 |
| | Total Payments and Credits | | | $2.00 |
| 8/8/2018 | Transaction Assessment | | | $1.00 |
| 8/8/2018 | eFile Payment | Receipt # 2018-27579 | ASPEN LLC | ($1.00) |
| 11/26/2018 | Transaction Assessment | | | $1.00 |
| 11/26/2018 | eFile Payment | Receipt # 2018-39145 | ASPEN LLC | ($1.00) |

Exhibit B

## Case Information

19CV3864 | WESLEY KENNEDY, Jr. Et Al VS BRENDA ELAINE RAGLAND CHAVO Et Al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 19CV3864 | Division 3 | Seeliger, Clarence F. |
| File Date | Case Type | Case Status |
| 03/29/2019 | Fraud | Dismissed |

## Party

**Plaintiff**
KENNEDY, WESLEY, Jr.

**Active Attorneys** ▾
Pro Se

**Address**
4563 Carissa Ct
Ellenwood GA 30294

**Plaintiff**
HARRIS KENNEDY, ANGELA LYNNETTE

**Active Attorneys** ▾
Pro Se

**Address**
4563 Carissa Ct
Ellenwood GA 30294

**Defendant**
RAGLAND CHAVO, BRENDA ELAINE

**Address**
1653 SYLVAN RD SW
ATLANTA GA 30310

**Defendant**
PARKS WOODS, OLIVIA

**Address**

705 TARA CIR E
ATLANTA GA 30354

Defendant
KITCHENS, QUASHANDA

Address
1866 Harvard Ave
COLLEGE PARK GA 30337

Defendant
KITCHENS, WILBUR

Address
130 BELMONT TERRACE
FAIRBURN GA 30213

Defendant
JACKSON, NATHANIEL

Address
4794 BEXLEY DRIVE
STONE MOUNTAIN GA 30083

Defendant
JOHNSON, JAMES

Address
3747 MAIN STREET
SANFORD FL 32771

Defendant
DUFFY, BARATTA

Address
3268 DOMOONEY RD
ATLANTA GA 30349

Defendant
ASPEN LLC

Address
100 galleria Parkway
Suite 1170
atlanta GA 30339

Active Attorneys ▾
Lead Attorney
SCHNEIDER, JEFFREY H
Retained

**Attorney**
SCHNEIDER, JEFFREY H
Retained

Defendant
WOMEN OF WEALTH MAGAZINE OF LEWIS GLOBAL ENTERPRISES,
LLC

**Address**
1655 CENTERVIEW DRIVE SUITE 1317
DULUTH GA 30096

## Disposition Events

08/19/2019 Judgment ▾

Judicial Officer
Seeliger, Clarence F.

Judgment Type
Dismissed

## Events and Hearings

03/29/2019 Summons ▾

Comment
MOTION FOR SUMMONS

03/29/2019 Case Initiation Form ▼

Comment
CASE INITIATION FORM

03/29/2019 Complaint or Petition for Fraud ▼

Comment
COMPLAINT PETITION FOR FRAUD & INJUNCTION

03/29/2019 Sheriff Marshal Entry of Service ▼

Comment
SHERIFF'S ENTRY OF SERVICE

04/01/2019 Service - Sent to Sheriff

04/11/2019 Service - Personal Service

04/24/2019 Amended Complaint ▼

Comment
Amended Complaint

04/24/2019 Certificate of Service ▼

Comment
Certificate of Service

04/24/2019 Certification ▼

Comment
Certification

05/02/2019 Answer and Counterclaim ▼

Comment
Answer, Defenses and Counterclaim of Aspen, LLC

05/02/2019 Motion to Dismiss ▼

Comment
Motion to Dismiss

05/10/2019 Affidavit ▼

Comment
Affidavit of Nathaniel Jackson

07/12/2019 Leave of Absence ▼

Comment
**Leave of Absence**

---

07/17/2019 Miscellaneous Letter ▾

Comment
**Misc Transfer**

---

07/17/2019 Leave of Absence ▾

Comment
**J. Schneider's LOA**

---

07/18/2019 Notice of Case Reassignment ▾

Comment
**Notice of Case Reassignment**

---

08/19/2019 Notice of Dismissal (Case) ▾

Comment
**ORDER GRANTING MOTION TO DISMISS**

---

08/19/2019 Case Disposition Form ▾

Comment
**CASE DISPOSITION FORM**

---

09/30/2019 Motion to Vacate/Set Aside ▾

Comment
**Motion to Set Aside Order**

---

10/18/2019 Withdrawl of Motion ▾

Comment
**Plaintiff's Withdrawl of Motion to Set Aside Court Order**

---

# Financial

KENNEDY, WESLEY, Jr.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $337.00 |
| | Total Payments and Credits | | | $337.00 |
| 3/29/2019 | Transaction Assessment | | | $264.00 |
| 3/29/2019 | eFile Payment | Receipt # 2019-10777 | KENNEDY, WESLEY | ($264.00) |
| 3/29/2019 | Transaction Assessment | | | $72.00 |
| 3/29/2019 | Payment | Receipt # 2019-10779 | HARRIS KENNEDY, ANGELA LYNNETTE | ($72.00) |
| 10/1/2019 | Transaction Assessment | | | $1.00 |
| 10/1/2019 | eFile Payment | Receipt # 2019-32565 | KENNEDY, WESLEY | ($1.00) |

ASPEN LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $1.00 |
| | Total Payments and Credits | | | $1.00 |
| 5/2/2019 | Transaction Assessment | | | $1.00 |
| 5/2/2019 | eFile Payment | Receipt # 2019-15284 | ASPEN LLC | ($1.00) |

# Exhibit C

FILED 3/29/2019 4:51 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WESLEY KENNEDY,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **CASE NO. 19CV3864** |
| BRENDA RAGLAND F.K.A. ELAINE CHAVO, AKA SUGARMAMMA BREAKFAST 2GOGOGO, NATHANIEL JACKSON A.K.A. CONSUMER- ORIENTED PLANNING SERVICES, QUASHAUNDA KITCHENS, WILBUR KITCHENS, JAMES JOHNSON, BARATTA DUFFY, ASPEN LLC ET AL, OLIVIA PARKS WOODS, ATTY MARK THOMAS, | |
| **Defendant.** | |

## COMPLAINT

COMES NOW the Plaintiff, WESLEY KENNEDY, by and through his undersigned

counsel, and files this COMPLAINT against Defendants and shows the following:

### NATURE OF THE ACTION

1.

This is an action for damages premised on the Plaintiff's claims for fraud,

misrepresentation, conversion, trespass to real property, undue influence, forgery, breach of

contract and attorneys' fees.racketeering, fraud, defamation of character,and mental anguish.

### PARTIES, JURISDIUCTION, AND VENUE

2.

Plaintiff, Wesley Kennedy is now and at all times mentioned in this complaint, a resident

of DeKalb County, Georgia. Defendant, Elaine Chavo f.k.a. Brenda Ragland is now and at all

times mentioned in this complaint a resident of DeKalb County, Georgia.

3.

Defendant, Quashaunda Kitchens was a resident of DeKalb County, Georgia during the events mentioned in this complaint.

4.

Defendants Consumer-Oriented Planning Services, Inc. and Aspen LLC are Georgia registered corporations and have significant business ties to DeKalb County, Georgia arising from their involvement in the unauthorized and fraudulent sale, transference and lending practices regarding the subject property located at 4563 Carissa Court, Ellenwood, DeKalb County, Georgia 30294.

5.

Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

6.

Venue is proper in The Superior Court of DeKalb County because the subject property lies within the jurisdiction of this court and the defendant Elaine Chavo resides in DeKalb County.

2

## COUNT I

### FORGERY AND FRAUD

7.

On *July 24, 2015, Wesley Kennedy, Plaintiff* was the owner of the real property
in DeKalb County, Georgia, legally described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 4
> OF THE 15TH DISTRICT OF DEKALB COUNTY, GEORGIA, BEING LAND LOT 11,
> HOLLY HILL SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 141,
> PAGE 17, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAY IS
> INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE
> THERETO, BEING IMPROVED PROPERTY KNOWN AS 4563 CARISSA COUNRT,
> ELLENWOOD, GA 30294, ACCORDING TO THE PRESENT SYSTEM OF
> NUMBERING PROPERTIES IN DEKALB COUNTY, GEORGIA.PARCEL ID # 15-004-03-225.
> ALSO TAKING 2 MILLION DOLLARS FROM MR. KENNEDY'S CHASE PRIVATE
> CLIENT BANK ACCOUNT THAT WAS HIS WORKMAN'S COMP SETTLEMENT.

8.

On that date, defendant Brenda Ragman prepared a deed under which the above-

described land was conveyed to SUGARMAMMA BREAKFAST 2GOGOGO, LLC, of which

Brenda Ragland is the sole agent of that LLC, and forged the signature of the Plaintiff on a Quit

Claim Deed subsequently filed in DeKalb County Records Book 25156, Page 54.

9.

Subsequent to that fraudulent and forged Quit Claim deed filing with DeKalb County,

Brenda Ragland a.k.a. Elaine Chavo, As SUGARMAMMA Breakfast 2gogogo, LLC then

fraudulently conveyed the subject property to Quashaudra Kitchens by Quit Claim Deed and

further fraudulently described the conveyance under the PT-61 filing as a Deed of TRANSFER

wholly without any reported consideration and with the intent to convert the subject property into

3



another's possession and to fraudulent deprive the Plaintiff from the quiet enjoyment of his own property.

10.

On November 2, 2016 Defendant Kitchens, based on information and belief, in conspiracy with Defendant Ragland, to deprive the rightful owner, Wesley Kennedy, of his property then conveyed the Plaintiff's property fraudulently to Defendant Consumer-Oriented Planning Services, Inc by Quit Claim Deed as described in the Defendant Kitchen's filed PT-61 as a Deed of Gift without any reported consideration being exchanged between Defendant Kitchen's and Defendant Consumer-Oriented Planning Services, Inc.

11.

On information and belief, and in furtherance of the conspiracy to fraudulently deprive Wesley Kennedy of his property, Defendant Consumer-Oriented Planning Services, Inc., On November 8, 2016 obtains a loan through Defendant Aspen LLC lending services in the amount of $170,000.00 for the subject property as evidence in a Deed Secure Debt filed with DeKalb County, Georgia in Deed Book 25901, Page 778.

12.

On information and belief, and in furtherance of the conspiracy to deprive the rightful owner, Wesley Kennedy, of his property, Consumer-Oriented Planning Service, Inc has filed a Dispossessory action with Magistrate Court of DeKalb County (Case No. 18D35062) claiming that the Plaintiff is a tenant at sufferance.



4

13.

On information and belief, and in furtherance of the conspiracy, Defendant Ragland tried to have the Plaintiff Kennedy dispossessed from his domicile under the guise of a family violence matter on October 18, 2017 and other dates, in which the presiding Magistrate Judge notes in the order that this matter is "under investigation in DeKalb's DA's office for Fraud and elder abuse associated with the Petitioners home…"

## COUNT II

## MENTAL AND PYSICAL INCAPCITY

14.

Plaintiff incorporates the allegations contained in paragraphs 1 - 13 by reference as if set forth verbatim herein.

15.

On or about July 2016, and at a time when Wesley Kennedy was mentally and physically incapacitated to such an extent as to be wholly incapable of transacting business or to understand the nature of his acts, and while he was under the coercion and undue influence of defendant, defendant procured what purports to be a QUIT CLAIM deed from the Plaintiff Wesley Kennedy, for a valuable tract of improved land, of approximately one half acres, and a reasonable value of Two Hundred Seventy Five Thousand dollars, ($275,000.00), for which defendant neither paid nor agreed to pay any consideration.



5

## COUNT III

## UNDUE INFLUENCE

16.

Plaintiff incorporates the allegations contained in paragraphs 1 - 15 by reference as if set forth verbatim herein.

17.

While the Plaintiff, Wesley Kennedy, was in a weakened mental and physical condition, and deprived of contact with his former business advisors and relatives and friends, defendant, in order to obtain for herself, and without adequate consideration, the property of *Wesley Kennedy,* falsely and fraudulently represented the following: that the Quit Claim Deed was in fact another document that did not convey the property, that the document was necessary to "save his house from foreclosure, that the document was necessary to obtain an insurance policy, that if the Plaintiff did not sign the document, he would be evicted from his house. These false representations made by defendant unduly influenced Wesley Kennedy to convey to defendant by Quit Claim deed the property located in DeKalb County, Georgia and legally described as above.

18.

The Defendant Ragland did exert an unlawful predominate and undue influence on the Plaintiff Welsey Kennedy and caused him to sign the misrepresented deed, without paying him any consideration for the land.

19.

When the misrepresented deed was signed, the grantor was 80 years of age and was infirm due to a mental incapacitation as a result of an accident and for that reason.

6

20.

Defendant caused Mr. Kennedy to sign the misrepresented deed with the intent to defraud

plaintiff, and to appropriate for herself the entirety of the Plaintiff's property.

21.

On July 24, 2015, defendant, without the actual knowledge of plaintiff, recorded the

deed, took possession of the property and claimed to be the exclusive owner in the guise of a

corporation Sugarmama Breakfast 2GOGOGO, LLC.

## COUNT IV

## ATTORNEYS FEES AND EXPENSE OF LITIGATION, O.C.G.A. § 13-6-11

22.

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through _ as

if set forth verbatim herein.

23.

Defendants have acted in bad faith and caused the Plaintiff unnecessary trouble and

expense. Therefore, defendants are liable to Plaintiff for his expenses of litigation, including

attorney fees pursuant to O.C.G.A. § 13-6-11 and as otherwise provided by law. Also every dime that
was taken out of Mr. Kennedy's bank account without his knowledge should be returned to Plaintiff.
Mr Kennedy was lured to believe putting Ms. Chavo on his account was necessary for her to complete
transactions for home that was purchased at 4563 Carissa Ct & Woodrow Dr. which was another proper
that was supposed to be purchased for Mr. Kennedy.

WHEREFORE, Plaintiff Prays:

(1) That the Court enters judgment for Plaintiff on all claims for relief asserted in the

Complaint in an amount to be proven at trial, including punitive damages;

(2) That the Court enters judgement in favor of Plaintiff for pre-judgement and post-

7

judgment interest at the legal rate;

(3) That the instruments, purported to be Quit Claim Deeds and Corrective Quit Claim Deed of Wesley Kennedy and Brenda Ragland and/or Elaine Chavo dated July 24, 2015 and November 2, 2016, recorded on September 11, 2015 and November 8, 2016, in the land evidence records of DeKalb County, Georgia, in Book 25156, at Page 541 and in Book 25901, at Pages 775 and 777 be cancelled, and the Property be adjudged to be that of Wesley Kennedy.

(4) That the Defendants be held to account to the Plaintiff for rents and profits received from the subject property;

(5) That the Court immediately issue a temporary restraining order prohibiting defendants from proceeding with dispossessory proceedings filed in the Magistrate Court of DeKalb County as aforesaid;

(6) That the Court set down at the earliest possible time a hearing on an interlocutory injunction in this cause;

(7) That upon said hearing the Court issue an interlocutory injunction prohibiting defendants from proceeding with dispossessory proceedings as aforesaid;

(8) That the Court awards Plaintiff reasonable attorney's fees and expense of litigation;

(9) That all costs be assessed against defendants, and

(10) That Plaintiff be granted such other relief as the court deems just and proper.

WESLEY KENNEDY JR.
DR. ANGELA HARRIS KENNEDY
4563 CARISSA CT., ELLENWOOD GA
404-944-8544
DRHARRISLIVE@gmail.c

State of Georgia, DeKalb County
The undersigned officer of DeKalb Superior Court certifies that this is a true and correct copy of the original document which is on file and of record in the Office of the Clerk of Superior Court. Witness my hand and seal of the Superior Court of DeKalb County Georgia.
This _____ day of _____ 20___
Signature: _____
Deputy Clerk, DeKalb County Superior Court

8

# Exhibit D

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

WESLEY KENNEDY,

       Plaintiff

vs.

ELAINE CHAVO f/k/a BRENDA
RAGLAND, SUGARMAMA BREAKFAST
2GOGOGO, LLC, QUASHAUNDA
KITCHENS, CONSUMER-ORIENTED
PLANNING SERVICES, INC., AND
ASPEN, LLC,

       Defendants.

**CIVIL ACTION
FILE NO. 19CV3864**

## <u>MOTION TO DISMISS</u>

COMES NOW Aspen, LLC Defendant in the above action and does hereby file this its

Motion to Dismiss pursuant to O.C.G.A § 9-11-12(c) respectfully showing as follows:

### <u>FACTUAL BACKGROUND</u>

The Plaintiff's Complaint asserts a number of claims associated with the alleged diversion

of property and funds, alleging tortious and arguably criminal misconduct by Defendants Elaine

Chavo, Quashaunda Kitchens, Sugar Mama Breakfast 2GoGoGo, LLC and Consumer-Oriented

Planning Services, Inc. The claims attributed to these Defendants include fraud, forgery, "mental

and physical incapacity", undue influence, conversion, unjust enrichment and attorneys' fees

pursuant to O.C.G.A. § 13-6-11. None of this misconduct is attributed to Defendant Aspen. The

claim associated with Aspen is limited solely to Aspen's assertion of a security interest in the

subject property, which is 4563 Carissa Court, Ellenwood, DeKalb County Georgia (the Property).

Relevant to this Motion, the Plaintiff's Complaint admits the following:



Defendant Brenda Ragland was granted a Special Power of Attorney by the Plaintiff for the purposes of the acquisition of the Property. (See Exhibit A to Plaintiff's Complaint). The Power of Attorney provided Defendant Ragland with authority to an appointed Defendant Ragland as Plaintiff's "true and lawful attorney in fact for me and in my name, place and stead and for my use and benefit and as my act and deed to do and execute or to concur with persons **jointly** interested with myself therein in the doing or execution thereof, all or any of the following acts, deeds and things that is to say:  To purchase in my behalf and name the following described property", followed by a legal description of the subject Property.

Plaintiff admits that the Property was purchased by Ragland acting pursuant to the Power of Attorney whereby the Property was vested in Plaintiff and Defendant Ragland as joint tenants with rights of survivorship as evidenced by Exhibit B to the Complaint. (See paragraph 11 of the Complaint).

Plaintiff next alleges that Defendant Ragland forged Plaintiff's name to a Quit Claim Deed thereby conveying Plaintiff's interest in the subject Property, along with her own, to an entity known as Sugar Mama Breakfast 2GoGoGo, LLC. (See Exhibit C to the Complaint).

Plaintiff contends this act was a forgery. (See paragraph 19 of the Complaint). Several subsequent Quit Claim Deeds executed by Ragland and Defendant Kitchens resulted in the Property being titled as a matter of record in the entity known as Consumer-Oriented Planning Services, Inc. (See Exhibit F to Plaintiff's Complaint).

Consumer-Oriented Planning Services, Inc. subsequently executed a deed to secure debt, identifying the subject Property as collateral, so as to secure payment of a loan made by Defendant Aspen, LLC in the principle amount of $170,000. (See Exhibit G of Plaintiff's Complaint).

2



Plaintiff admits that prior to the execution of the deed to secure debt in favor of Aspen that he executed a corrective Quit Claim Deed; attached to Plaintiff's Complaint as Exhibit H. In that deed he releases and relinquishes any interests that he has in the subject Property to the Sugar Mama Breakfast 2GoGoGo, LLC entity. The Complaint is devoid of any allegations against Aspen, LLC as having been complicit or knowledgeable of any fraud or forgery preceding its advancement of loan proceeds, or receipt of the deed to secure debt.

For the reasons set forth below, the allegations contained in the Amended Complaint, failed to state a claim against Aspen, LLC or its rights to the subject Property.

## ARGUMENT AND CITATION OF AUTHORITY

Based upon the admissions stated in the Amended Complaint the Defendant Aspen is entitled to a judgment in its favor on the pleadings pursuant to O.C.G.A. 9-11-12 (c). In summary, even if Plaintiff's interest in the property was divested by forgery, by operation of the Corrective Quitclaim Deed, the Plaintiff ratified the alleged misconduct. Further, the law is clear as to a subsequent bona fide title holder, such as Aspen, fraud in the back chain of title has no effect on the innocent lender's rights.

I.    Plaintiff Admits Ratification of Any Alleged Forgery.

Assuming for the purposes of a Motion to Dismiss that the signature alleged in paragraph 19 of the Complaint is in fact a forgery of the Plaintiff's signature, his subsequent execution of the corrective Quit Claim Deed (Exhibit H to the Complaint) constitutes a ratification. Pursuant to O.C.G.A. §10-6-52, "A ratification by the principal shall relate back to the act ratified and shall take effect as if originally authorized. A ratification may be express or implied from the acts or silence of the principal. A ratification once made may not be revoked."

3

While ratification may be implied from "slight circumstance and small matters will sometimes suffice",[1] the Amended Complaint admits that the Plaintiff expressly ratified the alleged forgery by his execution of the Corrective Quitclaim Deed. The Corrective Quitclaim Deed, was admittedly signed by the Plaintiff and recorded in the real property records and was undisputedly relied on by Aspen in funding the loan and accepting the Deed to Secure Debt. Therefore, based on the facts admitted in the Complaint, the Plaintiff fails to state a claim against Aspen LLC and his claims must be dismissed as a matter of law.

II.    The Allegations of Fraud against the Co-Defendants, Even if True are not Material to Aspen's Claim to Title to the Property as a Bona Fide Purchaser for Value.

Acts of fraud in the procurement of a deed does not render it invalid as against a bona fide purchaser. The general rule is that a bona fide purchaser, including a secured lender, will be protected although the grantor of a security deed is guilty of fraud. (See Bonner v. Norwest Bank Minnesota, 275 GA 620 (2002). The Court in Bonner holds that even assuming that the plaintiff's allegations of fraud are true, such fraud is not material to the superiority of a subsequent grantee's title to the property in his capacity as a bona fide purchaser for value. (See also, Bowman v. Century Funding Limited, 277 Ga. App. 540)

The Plaintiff's Amended Complaint fails to allege that Aspen participated in, or had reason to know of the alleged fraudulent actions of the co-defendants. As pled, Plaintiff concedes that Aspen was a bona fide holder of a security interest and therefore that deed is not subject to being set aside. Thus, Aspen, LLC is entitled to the dismissal of the action by virtue of the Plaintiff's failure to state a claim upon which relief can be granted.

---

[1] Pioneer Concrete Plumbing Service, Inc. v. T&B Scottdale Contractors, Inc. 218 Ga. App. 596 (1995).

4

For the reasons set forth above, the Plaintiff's Complaint must be dismissed with prejudice as to Aspen, LLC, and as to those rights set forth in the deed to secure debt in favor of Aspen, LLC including the power of sale.

This 2nd day of May, 2019.

WEISSMAN PC

3500 Lenox Road, 4th Floor
One Alliance Center
Atlanta, Georgia 30326
404-926-4500
JeffS@weissman.law

/s/JEFFREY H. SCHNEIDER
Jeffrey H. Schneider
Georgia Bar No. 629545
Attorneys for Aspen, LLC



State of Georgia, DeKalb County
The undersigned officer of DeKalb Superior Court certifies that this is a true and correct copy of the original document which is on file and of record in the Office of the Clerk of Superior Court. Witness my hand and seal of the Superior Court of DeKalb County Georgia.

This _____ day of _____ 20___.
Signature: _____
Deputy Clerk, DeKalb County Superior Court

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

WESLEY KENNEDY,

      Plaintiff

vs.

ELAINE CHAVO f/k/a BRENDA
RAGLAND, SUGARMAMA BREAKFAST
2GOGOGO, LLC, QUASHAUNDA
KITCHENS, CONSUMER-ORIENTED
PLANNING SERVICES, INC., AND
ASPEN, LLC,

      Defendants.

**CIVIL ACTION
FILE NO. 19CV3864**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date **Defendant Aspen LLC's Motion to Dismiss**
was filed via the Efile GA electronic filing system and designated that service be made
electronically upon all interested parties and by U.S. Mail as follows:

Wesley Kennedy Jr.
Dr. Angela Harris Kennedy
4563 Carissa Ct.
Ellenwood, GA 30294

Donell Holiday
P.O. Box 4596
Atlanta, GA 30302

This 2nd day May, 2019.

3500 Lenox Road, 4th Floor
One Alliance Center
Atlanta, Georgia 30326
404-926-4500
jeffs@weissman.law

WEISSMAN PC

/S/JEFFREY H. SCHNEIDER
Jeffrey H. Schneider
Georgia Bar No. 629545
Attorneys for Aspen LLC

5266.983

# Exhibit E

FILED 8/19/2019 3:12 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

WESLEY KENNEDY,

      Plaintiff,

vs.

ELAINE CHAVO f/k/a BRENDA
RAGLAND, SUGARMAMA BREAKFAST
2GOGOGO, LLC, QUASHAUNDA
KITCHENS, CONSUMER-ORIENTED
PLANNING SERVICES, INC., AND
ASPEN, LLC,

      Defendants.

CIVIL ACTION
FILE NO. 19CV3864

### ORDER GRANTING MOTION TO DISMISS

This matter having come before the Court on Defendant Aspen, LLC's ("Aspen") Motion to Dismiss. It appearing from the record that Aspen's Motion is unopposed, this Court does order as follows:

The Plaintiff claims title to that property known as 563 Carissa Court, Ellenwood, Georgia (the "Property"). Aspen holds a deed to secure debt to the Property dated November 4, 2016, recorded in Deed Book 25901 Page 778 in the real property records of DeKalb County Georgia (hereinafter the "Aspen Security Deed").

The Plaintiff initiated the underlying action against Aspen, and other co-defendants, wherein the principal claim against Aspen was to challenge the Aspen Security Deed.

On May 2, 2019, Aspen served its Motion to Dismiss. Whereas more than 30 days have passed since service of said Motion and no response in opposition has been made, this Court does GRANT Aspen's Motion and does order as follows:



Any and all claims asserted by the Plaintiff against Aspen are hereby dismissed with prejudice and this Court finds that Aspen, LLC holds a first priority Deed to Secure Debt as reflected in the Aspen, LLC Security Deed.  Any and all other relief sought by Plaintiff against Aspen, LLC is hereby dismissed with prejudice.

This Court does further and direct the Clerk of Court to cancel of record any Notice of Lis Pendens recorded as part of the underlying action, and to record and cross-reference this Order in the Real Property Records of DeKalb County to Deed Book 25901, Page 778.

SO ORDERED this the _____ day of _____, 2019.

_____
Judge Clarence J. Seeliger
Superior Court of DeKalb County

State of Georgia, DeKalb County
The undersigned officer of DeKalb Superior Court certifies that this is a true and correct copy of the original document which is on file and of record in the Office of the Clerk of Superior Court. Witness my hand and seal of the Superior Court of DeKalb County Georgia.
This _____ day of _____ 20___
Signature: _____
Deputy Clerk, DeKalb County Superior Court

2

Order prepared and presented by:

WEISSMAN PC

/s/ Jeffrey H. Schneider
Jeffrey H. Schneider
Georgia Bar No. 629545
3500 Lenox Road, 4th Floor
One Alliance Center
Atlanta, Georgia 30326
404-926-4500
jeffs@weissman.law

*3*