

**IT IS ORDERED as set forth below:**

**Date: April 13, 2021**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE:                          ) | CASE NO. 19-64620 -WLH |
| WESLEY KENNEDY, JR,             ) | CHAPTER13 |
| Debtor.                         ) | |
| WESLEY KENNEDY, JR,             ) | |
| Plaintiff,                      ) | ADVERSARY PROCEEDING NO. 20-06167 |
| vs.                             ) | |
| NAJARIAN CAPITAL LLC and        ) | |
| ASHPEN LLC,                     ) | |
| Defendants.                     ) | |
| NAJARIAN CAPITAL LLC            ) | |
| Crossclaim Plaintiff,           ) | |
| vs.                             ) | |
| ASPEN LLC,                      ) | |
| Crossclaim Defendant.           ) | |

1

## <u>ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN, AND MOTION TO TAKE JUDICIAL NOTICE OF STATE COURT ONLINE DOCKETS</u>

**THIS MATTER** is before the Court on Najarian Capital LLC's Motion to Dismiss or, in the Alternative, to Abstain, and Motion to Take Judicial Notice of State Court Online Dockets ("Motion") asking the Court to dismiss or abstain from hearing Wesley Kennedy Jr.'s Complaint.

This action raises questions about the Court's jurisdiction to hear stay violation claims. The alleged violations occurred during Plaintiff's bankruptcy case. The case was dismissed before Plaintiff filed this action, and at no point did Plaintiff move to reopen his case. These facts raise three issues. First, whether a bankruptcy court has subject matter jurisdiction to hear a stay violation claim where it is brought after dismissal of the bankruptcy case. Second, whether a bankruptcy court can hear a stay violation claim brought post-dismissal where plaintiff did not first reopen the bankruptcy case. Third, whether a bankruptcy court should abstain from adjudicating a stay violation claim brought after the bankruptcy case is dismissed. As outlined below, this Court concludes that it has subject matter jurisdiction over Plaintiff's claim and that it can provide the requested relief even though Plaintiff did not reopen his case. The Court will take judicial notice of two state court dockets, as requested by Defendant, but the Court declines to abstain from the matter.

### I.   FACTS

On September 1, 2020, Wesley Kennedy, Jr., ("Plaintiff") filed a complaint against Najarian Capital LLC ("Defendant") and Ashpen LLC (the correct spelling is "Aspen") seeking relief for stay violations he claims they committed during his bankruptcy case. After filing its Answer, Defendant filed the present Motion.[1]

---

[1] Aspen has not filed an answer.

On September 13, 2019, Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code. At the time of filing, Plaintiff's residence ("Subject Property") was being advertised for foreclosure by Aspen. Plaintiff alleges that, on two separate occasions, he notified Aspen of the pending bankruptcy case and that the Subject Property was subject to a stay. Plaintiff first notified Aspen after filing his bankruptcy petition. Plaintiff notified Aspen again the day before the scheduled foreclosure. Notwithstanding the notice, on October 1, 2019, Aspen foreclosed on the Subject Property.

After foreclosing, Aspen sold the Subject Property to Defendant Najarian Capital LLC. On November 8, 2019, Defendant notified Plaintiff of its plans to change the locks and take the Subject Property. After receiving this notice, Plaintiff's counsel notified Defendant that Plaintiff was in bankruptcy and that an automatic stay was in place.

On December 19, 2019, Plaintiff's Chapter 13 case was dismissed for the first time. On December 23, 2019, Defendant filed a Dispossessory Action in the DeKalb County Magistrate Court. The court ultimately stayed the eviction because Plaintiff was in bankruptcy. On December 30, 2019, Plaintiff's Chapter 13 case was reopened. The case was then dismissed again on April 16, 2020 and closed on May 21, 2020. On September 1, 2020, Plaintiff, without first moving to reopen his bankruptcy case, filed a complaint in bankruptcy court against Defendant and Aspen based on their alleged automatic stay violations. In response, Defendant filed the present Motion.

In its Motion, Defendant contends this Court lacks subject matter jurisdiction over this case. Defendant also contends abstention is appropriate because two prior state court cases have decided some of the issues complained of by Plaintiff, the Plaintiff has no interest in the Subject Property which is protected by the automatic stay, and the state court cases can provide a full resolution of the issues.

3

## II.   ANALYSIS

### a.  Subject matter jurisdiction over Plaintiff's stay violation claims

Defendant moved to dismiss Plaintiff's stay violation claim for lack of subject matter jurisdiction because Plaintiff brought his claim after dismissal of his bankruptcy case.

Federal subject matter jurisdiction is not waivable. Federal Rule of Civil Procedure 12(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), requires this Court to dismiss this proceeding if it finds it lacks subject matter jurisdiction over the dispute. Loucks v. Smith (In re Smith), 537 B.R. 1, 8 (Bankr. M.D. Ala. 2015). The burden of proof for a 12(b)(1) motion is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Here, the burden of proof is on Plaintiff.

### i.  The Court has subject matter jurisdiction over Plaintiff's automatic stay claims brought post-dismissal.

Plaintiff's claims are based on alleged stay violations which occurred during his bankruptcy case. When a debtor files for bankruptcy, an automatic stay arises pursuant to 11 U.S.C. §362(a). The stay generally prohibits creditors from engaging in certain "collection actions against the debtor". Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005) (per curiam). This protection afforded to debtors is "one of the fundamental debtor protections provided by bankruptcy laws." Sciortino v. Gwinnett Cnty. Dep't of Water Res., 561 B.R. 569, 578, (Bankr. N.D. Ga. 2016) (quotation marks and citation omitted). Because of its importance, when creditors willfully violate the stay, the Code provides debtors with a variety of potential remedies, including possible punitive damages. 11 U.S.C. § 362(k)(1)(one injured by stay violations "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances,…punitive damages."). Debtors can certainly move for relief for violations of the automatic stay during their bankruptcy case. See, e.g., In re Unlimited Homes, Inc., 2018 WL 1054095 (Bankr. N.D. Ga.

4

February 23, 2018). At issue here, though, is whether the bankruptcy court has subject matter jurisdiction over Plaintiff's Section 362(k) claims where he brought them after dismissal of his bankruptcy case.

Bankruptcy courts have subject matter jurisdiction over Section 362(k) claims even where plaintiffs bring them after dismissal of the bankruptcy case. Justice Cometh, Ltd., 426 F.3d at 1343 (allowing a plaintiff to bring a Section 362(k) claim in district court post-dismissal of underlying bankruptcy case); In re Tucker, 743 F. App'x 964, 968 (11th Cir. 2018) (citing Justice Cometh, 426 F.3d at 1342-1343, 1343 n.1) ("district courts have jurisdiction to entertain claims by debtors that creditors violated the automatic stay, even when those claims are asserted in a separate civil action filed after the bankruptcy case has been dismissed."); Healthcare Real Estate Partners, LLC v. Summit Healthcare Reit, Inc., 941 F.3d 64, 71 (3rd Cir. 2019) (holding that Section 362(k) creates a private right action which can be brought after dismissal of bankruptcy case.); Price v. Rochford, 947 F.2d 829, 830-831(7th Cir. 1991) (Section 362(k) "creates a cause of action that can be enforced after bankruptcy proceedings have terminated."). The Court's subject matter jurisdiction is based on the jurisdictional grant of 28 U.S.C § 1334, referred to the bankruptcy courts through 28 U.S.C. § 157. Justice Cometh, Ltd., 426 F.3d at 1343. This grant exists regardless of whether claimants file the claims before or after closure of the bankruptcy case. Id.

The leading case on this issue in the Eleventh Circuit is Justice Cometh. There, the plaintiff first filed a Chapter 13 case in bankruptcy court; then, after the closure of her case, filed a complaint in district court alleging that during her bankruptcy case a creditor violated the stay. At issue on appeal in Justice Cometh was whether a plaintiff could bring a claim for a stay violation in a district court after dismissal of the underlying case in bankruptcy court, in addition to the ability to bring it in bankruptcy court. Id. at 1343. The district court held that it lacked subject

matter jurisdiction over such claims because they are reserved for bankruptcy courts. Id. The appellate court reversed and held that the federal courts have original jurisdiction over stay violations. Id. Importantly, in its analysis, the court noted that even though plaintiff's bankruptcy case was dismissed before she filed suit for automatic stay violations, "her claim arises from acts alleged to have occurred while the automatic stay was in place." Id. at 1343 n.1.

Similarly, here, Plaintiff first filed a Chapter 13 bankruptcy case in bankruptcy court. Then, after the closure of his bankruptcy case, filed a complaint seeking relief for stay violations based on Defendant's conduct during his bankruptcy case. Just like in Justice Cometh, Plaintiff did not bring his claim until after his bankruptcy case was dismissed. In accordance with Justice Cometh, this Court has subject matter jurisdiction over Plaintiff's Section 362(k) claims. Defendant's argument that this court lacks jurisdiction over Plaintiff's claims under In re Morris, 950 F.2d 1531 (11th Cir. 1992) is inapposite. In re Morris addressed whether a court should retain jurisdiction over an adversary proceeding which was filed *before* dismissal of the bankruptcy case, facts not present here.

> ii. <u>Plaintiff's failure to reopen his bankruptcy case before filing his Section 362(k) claim does not prevent the Court from providing the requested relief.</u>

Defendant, in its Motion, argues this court cannot hear Plaintiff's Section 362(k) claim because Plaintiff failed to first move to reopen his bankruptcy case. Debtors are not required to open the underlying bankruptcy case before bringing Section 362(k) claims. See Johnson v. Smith, 575 F.3d 1079, 1084 (10th Cir. 2009)(finding no basis to require plaintiff "to move to reopen the Chapter 13 case to pursue [Section] 362(k)(1) adversary proceeding"); In re Stanwyck, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011) (rejecting "Defendants' assertion that [plaintiff] was required to reopen his prior bankruptcy cases to assert [Section] 362(k) claims"). Bankruptcy courts have jurisdiction to hear Section 362(k) claims because they are "core" proceedings within Section

6

1334(b)'s "arising under" jurisdiction. <u>Johnson</u>, 575 F.3d at 1083. For bankruptcy courts to exercise Section 1334(b) jurisdiction, it is not necessary for the underlying case to be open. <u>In re Aheong</u>, 276 B.R. 233, 242-46 (B.A.P. 9th Cir. 2002) ("'arising under' jurisdiction does not depend on the present existence of an open case or a non-dismissed case. It depends solely on the existence of 'civil proceedings arising under title 11.'"). As such, the fact that the Plaintiff did not first move to reopen his underlying bankruptcy case does not prevent the court from considering the requested relief.[2]

### b. Judicial notice.

Defendant moves the Court to take judicial notice of two state court online dockets. Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). State court dockets, including online state court dockets, generally satisfy this standard. <u>Paez v. Sec'y, Fla. Dep't of Corr.</u>, 947 F.3d 649, 651–52 (11th Cir.), <u>cert. denied sub nom.</u> <u>Gus Paez v. Inch</u>, 141 S. Ct. 309 (2020). The Court notes that under Federal Rule of Evidence 201, "[j]udicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding—when a plaintiff filed a complaint, what claims were argued and adjudicated, and so on." <u>Kerruish v. Essex Holdings,</u>

---

[2] Other courts have held that bankruptcy courts have 1334(b) jurisdiction regardless of whether there is an open bankruptcy case in addressing a variety of circumstances, including Section 506(b) and Section 523(a)(3)(B) claims. <u>Menk v. Lapaglia (In re Menk)</u>, 241 B.R. 896 (B.A.P. 9th Cir. 1999) ("a closed bankruptcy case does not need to be reopened as a jurisdictional prerequisite to exercising [Section] 1334(b) 'arising under' subject-matter jurisdiction over a civil proceeding to determine [dischargeability]"); <u>but see</u> <u>In re Wren</u>, 315 B.R. 921, 924 (Bankr. M.D. Ga. 2004)(distinguishing <u>Menk</u> and recognizing "<u>Menk</u> is not binding"); <u>see also</u> <u>Staffer v. Predovich (In re Staffer)</u>, 306 F.3d 967, 972 (9th Cir. 2002) (a "motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt under [Section] 523(a)(3)(B)."); <u>Slick v. Norwest Mortg., Inc. (In re Slick)</u>, 2002 Bankr. LEXIS 772, *23 (Bankr. S.D. Ala. 2002) (holding Section 506(b) claim falls within "arising under" jurisdiction of Section 1334(b) and does not require reopening); <u>see also</u> 3 Collier on Bankruptcy P 350.03 (16th 2020); ("…debtor may seek to reopen the case to enforce the discharge injunction of section 524(a) [or] a debtor may be subjected to discrimination prohibited by section 525 and seek enforcement of rights guaranteed by that section... In these situations…a motion to reopen may not be necessary for the court to render a decision; these issues clearly are within the court's jurisdiction under section 1334 of title 28.").

<u>Inc.</u>, 777 F. App'x 285, 293-94 (11th Cir. 2019) (citing <u>Coney v. Smith</u>, 738 F.2d 1199, 1199-200 (11th Cir. 1984)).

Defendant asks the Court to take judicial notice of the online dockets for cases 18CV1767 and 19CV3864, both of which were filed in the Superior Court of DeKalb County, Georgia and printouts of which are attached to the Motion. Plaintiff does not object to the authenticity of the dockets or dispute the dockets accurately reflect the proceedings. The dockets merely show contact information for the parties, summarize the disposition of the case, and reflect the dates of various events and hearings. The dockets do not, for example, include the substance of the pleadings and motions. Though the dockets may be of little significance, the Court will consider the foregoing documents in considering whether to abstain.

### c. Abstention is not appropriate

Under 28 U.S.C. § 1334(c)(2), the Court must abstain from hearing a case if all of the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under Section 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court. 28 U.S.C. § 1334(c)(2). Courts are only required to abstain when the proceeding is not core. <u>First Bank of Dalton v. Manton Family P'ship, LLLP (In re Manton)</u>, 585 B.R. 630, 640 (Bankr. N.D. Ga. 2018). As explained above, Plaintiff's Section 362(k) claims are "core" proceedings within Section 1334(b)'s "arising under" jurisdiction. <u>Johnson</u>, 575 F.3d at 1083. Because this is a core proceeding, mandatory abstention has not been established.

Defendant contends that, even if mandatory abstention is not required, the Court should nevertheless abstain from hearing the case.  Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law."  Courts employ a multifactor test to determine whether abstention is appropriate.  Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh against abstention in this adversary proceeding.  This proceeding presents a bankruptcy question regarding whether Defendants violated the automatic stay.  "The protections afforded by the automatic stay are a critical component of the Bankruptcy Code and few matters are as fundamental to the bankruptcy process as the operation of the automatic stay." In re Ojiegbe, 512 B.R. 513, 518–19 (Bankr. D. Md. 2014).  The automatic stay represents "one of the fundamental debtor protections provided by the bankruptcy laws."  Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503 (1986) (citations omitted).  This Court

9

has a strong interest in resolving disputes concerning the scope of the automatic stay and whether it has been violated.

Plaintiff contends Defendants violated the automatic stay by foreclosing on the Subject Property and by attempting to change the locks and regain possession of the Subject Property. "This Court has previously held the weight of authority holds that a "mere possessory interest in real property without any accompanying legal interest is sufficient to trigger protection of the automatic stay." In re Holyfield, No. 16-67309, 2019 WL 2387045, at *3 (Bankr. N.D. Ga. June 3, 2019) (citations omitted).  Further, section 362(a)(3) prohibits any act to obtain possession of property _from_ the estate.  Moore v. Complete Cash Holdings, LLC (In re Moore), 448 B.R. 93, 102-03 (Bankr. N.D. Ga. 2011).  The automatic stay thus protects the estate's possession of property even if it is not property of the estate, and it prevents a party from seeking possession even if the debtor has no legal basis for possession.  Id. at 102-03.  Plaintiff had at least a possessory interest in the property, protected by the automatic stay, when Defendant allegedly attempted to change the locks and regain possession of the Subject Property.  Plaintiff's cause of action under section 362(k) is based on federal law, arises under title 11, and is a core matter.  Johnson, 575 F.3d at 1083.  This proceeding thus raises a distinct bankruptcy issue.  The applicable law is not difficult or unsettled, and the Court is very familiar with the automatic stay and capable of adjudicating Plaintiff's stay violation claims.

Defendant contends the Court should abstain because Plaintiff previously filed two lawsuits alleging some of the same facts.  However, there are presently no proceedings pending in state court related to Defendant.  Plaintiff filed a lawsuit against Aspen and others in DeKalb County Superior Court in 2018 alleging fraud in connection with the security deed on his home; the case was voluntarily dismissed in February 2019.  Plaintiff filed a second lawsuit in DeKalb

County Superior Court in March 2019 making similar claims.  While the claims against Aspen were dismissed in August 2019, Defendant was not a party to the second action and the dismissal was on appeal at the time the bankruptcy case was filed.  If the Court abstains here, litigation will have to be instituted against Defendant in state court.  This case does not impose a significant burden on the Court's docket and, if anything, this case can be managed more efficiently in this Court.  Further, Plaintiff need not necessarily relitigate the merits of the fraud claim at issue in the state court litigation since possession can be a basis for a stay violation.  The questions presented in this adversary proceeding concern whether Defendants violated the automatic stay by foreclosing and seeking to recover possession of the Subject Property.  These are fundamental questions of bankruptcy law raised in a core proceeding.  Abstention is not appropriate.

For these reasons, the Court declines to abstain from hearing Plaintiff's claims regarding alleged stay violations.

## III.    CONCLUSION

For the reasons stated above, the Court concludes the Court has subject matter jurisdiction over Plaintiff's post-dismissal automatic stay claims, Plaintiff's failure to reopen his bankruptcy case does not prevent the Court from providing the requested relief, and abstention is not appropriate.  Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED IN PART**.  The Court takes judicial notice of the two state court dockets as requested by Defendant.

**IT IS FURTHER ORDERED** that the Motion is **DENIED IN PART**.  Defendant's requests for dismissal and abstention are **DENIED**.

<u>**END OF ORDER**</u>

11

**<u>Distribution List</u>**

Wesley Kennedy, Jr.
4563 Carissa Court
Ellenwood, GA 30294

Donell Holiday
P. O. Box 4596
Atlanta, GA 30302

Kane St. John
Law Offices of Kane St. John
2164 Pawnee Drive
Marietta, GA 30067